# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benjamin Kirk Parish,          :
          Petitioner        :
                            :    No. 316 C.D. 2025
         v.                    :
                            :    Submitted: June 16, 2026
Unemployment Compensation Board of :
Review,                           :
         Respondent       :

BEFORE:    HONORABLE LORI A. DUMAS, Judge
               HONORABLE STELLA M. TSAI, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                   **FILED: July 16, 2026**

Benjamin Parish (Claimant), *pro se*, has petitioned this Court to review an order of the Unemployment Compensation Board of Review (Board), issued February 19, 2025, denying his request for reconsideration. The Board had previously dismissed Claimant's appeal as untimely pursuant to Section 502 of the Unemployment Compensation Law (UC Law), 43 P.S. § 822, following a Referee's decision denying his request to backdate claim weeks.[1] Upon review, we affirm.

---

[1] Section 502(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822(a) (providing that a Referee's decision becomes the final decision of the Board unless a party files an appeal within 21 days after the date of the Referee's decision).

## I. BACKGROUND[2]

Claimant was placed on a medical leave of absence for several months in early 2023 and then separated from his employer in August 2023. Shortly after the separation, Claimant applied for unemployment compensation (UC) benefits. The UC Service Center granted his application and backdated it to August 2023. Notably, he had not filed for benefits covering the weeks of his medical leave.

One year later, in August 2024, Claimant filed a new UC application. He sought to have this application backdated to January 2023 to obtain credit for the weeks he spent on medical leave.[3] The UC Service Center denied these requests as untimely.[4] *See* Determination, 9/26/24.

Claimant timely appealed. On November 18, 2024, following a hearing, the Referee affirmed the determination. In its notice to Claimant, the Referee instructed that any further appeal to the Board was due by December 9, 2024. Claimant filed his appeal on January 4, 2025, approximately four weeks after the deadline.

On January 9, 2025, the Board notified Claimant in writing that his appeal appeared untimely and explained that, if he wished to proceed, he was required to respond and request a hearing that would address the timeliness of his

---

[2] Unless stated otherwise, we draw the substance of this section from the Referee's decision and the Board's decision and order, which are supported by substantial evidence of record. *See* Ref. Dec., 11/18/24; Bd. Dec. & Order, 2/11/25.

[3] The Referee's findings of fact contain a typographical error indicating that Claimant requested backdating to January 8, 2024. *See* Ref. Dec., 11/18/24. *But see* Ref. Order, 11/18/24; Determination, 9/26/24.

[4] The UC Service Center denied Claimant's requests under Section 401(c) of the UC Law, 43 P.S. § 801(c), and Department Regulations at 34 Pa. Code §§ 65.41-43a (governing deadlines for filing, limits on backdating, and allowable extensions).

appeal. Claimant did not respond or request a hearing. Thereafter, on February 11, 2025, the Board dismissed Claimant's appeal as untimely.

That same day, Claimant sent an email to the Board, simply asserting that he "never got the referee[']s decision in the mail." *See* Req. for Reconsid., 2/11/25. The Board construed this message as a request for reconsideration and later denied the request. *See* Bd. Order, 2/19/25. Claimant then timely appealed to this Court.

## II. ISSUE

Claimant asserts that he is entitled to UC benefits because his employer terminated his employment without cause while on leave for a work-related injury. *See* Claimant's Br. at 4; *see also id.* at 6 (describing several months of disability following brain surgery). In support of this assertion, Claimant baldly cites to the Americans with Disabilities Act.[5] *See id.* at 4.

## III. DISCUSSION[6]

Claimant has not identified the Board's decision denying him reconsideration as an issue for this Court's review. *See generally id.* Nevertheless, we infer a challenge to this decision, as Claimant maintains that he never received

---

[5] *See* 42 U.S.C. §§ 12101-12213. Claimant has not provided legal argument in support of this assertion. *See generally* Claimant's Br. We caution Claimant that his failure to develop a relevant argument risks waiver. *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) (finding that when issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue.); Pa.R.A.P. 2119(a).

[6] Our review of the Board's decision to grant or deny a request for reconsideration is limited to determining whether the Board abused its discretion. *See Laster v. Unemployment Comp. Bd. of Rev.*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013). In this context, an abuse of discretion occurs "if the Board's decision demonstrates evidence of bad faith, fraud, capricious action or abuse of power." *Ensle v. Unemployment Comp. Bd. of Rev.*, 740 A.2d 775, 780 (Pa. Cmwlth. 1999).

the Referee's decision. *See id.* at 7. Therefore, we will address the Board's decision denying reconsideration.

A timely appeal from the denial of reconsideration, without a timely appeal of the underlying order, confines this Court's review to the reconsideration denial and precludes a review of the underlying order's merits. *See Keith v. Dep't of Pub. Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988). Here, Claimant filed his appeal approximately one month late, a point which he concedes. *See* 43 P.S. § 822(a); Claimant's Br. at 7. Moreover, Claimant did not appeal the Board's order dismissing his appeal, electing instead to appeal only the Board's denial of reconsideration. *See* Notice of Appeal, 1/4/25. Accordingly, our review is limited to whether the Board abused its discretion in denying reconsideration, and we decline to consider Claimant's merits-based claim. *See Keith*, 551 A.2d at 336.

An aggrieved party may request the Board to reconsider its decision. *See* 34 Pa. Code § 101.111(a). The Board may grant such requests "only for good cause in the interest of justice without prejudice to any party." *Id.* § 101.111(b). Good cause exists where "the party requesting reconsideration has presented new evidence or changed circumstances[,] or whether [the Board] failed to consider relevant law." *Laster*, 80 A.3d at 834 (quoting *Ensle*, 740 A.2d at 779). Good cause, however, cannot exist where a claimant does not utilize the procedural mechanisms made available under the rules and thus fails to protect his interests. *See, e.g.*, *Ensle*, 740 A.2d at 779-80 (reversing the Board's decision where an employer had failed to challenge hearsay evidence prior to its request for reconsideration).

An appeal from a UC Referee's decision must be filed within 21 days. *See* 43 P.S. § 822(a); 34 Pa. Code § 101.90(a). When a UC appeal appears untimely, the Board must notify the appealing party in writing that it may lack jurisdiction and

4

will dismiss the appeal unless the party, within 15 days, asserts that the filing was timely and requests a hearing. *See* 34 Pa. Code § 101.61(a).[7] If the appealing party does not request a hearing, the Board must dismiss the appeal for lack of jurisdiction. *See id.* Thereafter, the Board cannot consider any facts related to the appeal's timeliness. *See Han v. Unemployment Comp. Bd. of Rev.*, 42 A.3d 1155, 1157-58 (Pa. Cmwlth. 2012).

Here, in response to Claimant's untimely appeal, the Board notified Claimant that he must promptly request a hearing at which he could introduce evidence that his appeal (a) was timely or (b) should be deemed timely for other reasons. *See* Bd. Letter, 1/9/25. Absent a prompt request, the Board warned Claimant that his appeal would be dismissed and the Referee's decision would become final and binding. *Id.* This notice provided Claimant with an opportunity to challenge the dismissal of his appeal. By failing to request a hearing as expressly

---

[7] We note that 34 Pa. Code § 101.61 was amended effective May 16, 2026, to create separate procedures for appeals stemming from Department determinations and appeals from Referee decisions. The amended version also extends the period to request a timeliness hearing in Referee appeals from 15 days to 21 days. *See* 34 Pa. Code § 101.61(c). We reference the version of 34 Pa. Code § 101.61(a) that was in effect at the time the Board rendered its decision in this matter, which provided:

> If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing. If no reply from the appealing party is received within the 15-day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal.

34 Pa. Code § 101.61(a).

directed by the Board, Claimant failed to protect his interests and, therefore, could not establish good cause for reconsideration. *See Ensle*, 740 A.2d at 779-80.

Lacking jurisdiction, the Board could no longer consider whether Claimant had received the Referee's decision. *See Han*, 42 A.3d at 1157-58. Nevertheless, even if it could, we note that such evidence would not establish good cause. This information was available to Claimant when he received the Board's letter advising him of the need to request a timeliness hearing. *See* Bd. Letter, 1/9/25. Therefore, it was not "new" evidence, nor did it demonstrate a change in circumstances or suggest an overlooked legal principle. *See Laster*, 80 A.3d at 834.

## IV. CONCLUSION

By failing to protect his interests, Claimant could not establish good cause for reconsideration. *See Ensle*, 740 A.2d at 779-80. Thus, the Board did not abuse its discretion in denying his request for reconsideration. *See Laster,* 80 A.3d at 834. Accordingly, we affirm the Board's order.

**LORI A. DUMAS, Judge**

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benjamin Kirk Parish,          :
           Petitioner       :
                           :    No. 316 C.D. 2025
           v.            :
                           :
Unemployment Compensation Board of :
Review,                       :
           Respondent     :

# O R D E R

AND NOW, this 16th day of July, 2026, the order issued by the Unemployment Compensation Board of Review on February 19, 2025, is AFFIRMED.

 

 

_____

**LORI A. DUMAS, Judge**